F I L E D
United States Court of Appeals
Tenth Circuit

MAR 21 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANDRE LAMAR WALTOWER,

Petitioner-Appellant,

v.

STEPHEN W. KAISER, Warden,

Respondent-Appellee.

No. 00-6281

(W. D. Oklahoma)

(D.C. No. CV-00-918-W)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. BACKGROUND

Andre Lamar Waltower, a prisoner in the custody of the Oklahoma Department of Corrections proceeding pro se, seeks to appeal the district court's order dismissing his petition for a writ of habeas corpus. Mr. Waltower challenged the provisions of the Oklahoma Truth in Sentencing Act ("the Act"), 1997 Okla. Sess. Laws ch. 133, House Bill 1213, that eliminated the state's preparole conditional supervision program. [1] He argued that, by increasing the length of the sentence that he was required to serve before he became eligible for parole, the statute violated the Due Process and Ex Post Facto Clauses of the federal constitution.

The magistrate judge concluded that the statute of limitations on Mr. Waltower's claim began to run on July 1, 1997, the Act's effective date. Because Mr. Waltower did not file the instant habeas petition until May 17, 2000, the magistrate judge reasoned, Mr. Waltower's claim was barred by the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1)(D), part of the Anti-

---

[1] As we noted recently in an unpublished opinion, "The Act was adopted in Oklahoma on July 1, 1997, and was originally intended as a get-tough-on-crime measure. It included provisions requiring serious offenders to serve seventy-five to eighty-five percent of their sentences without the availability of parole. It also established a sentencing matrix and abolished jury sentencing in an attempt to standardize sentencing among districts." Teague v. Hines, No. 00-6241, 2000 WL 1629445, at *1 (10th Cir. Oct 31, 2000).

Terrorism and Effective Death Penalty Act (AEDPA). The magistrate rejected Mr. Waltower's argument that his claim did not accrue until May 2000, when, according to Mr. Waltower, he was denied the parole hearing to which he would have been entitled before the passage of the Act. The district court adopted the magistrate's report and recommendation and dismissed the case.

## II. DISCUSSION

We read Mr. Waltower's petition as advancing both facial and applied challenges to the Act. See United States v. Gaudreau, 860 F.2d 357, 360-61 (10th Cir. 1989) (distinguishing between facial and applied challenges); see also Levald v. City of Palm Desert, Inc., 998 F.2d 680, 686 (9th Cir. 1993) (distinguishing between claims alleging that a statute "inflicts a single harm, measurable and compensable when the statute is passed" and claims in which "the harm inflicted by the statute is continuing, or does not occur until the statute is enforced—in other words, until it is applied"). On the one hand, Mr. Waltower asserts that, by entirely eliminating Oklahoma's preparole conditional supervision program, the Act violated the federal constitution. On the other hand, Mr. Waltower also alleges that, in May 2000, the respondent applied the Act to deny him a hearing regarding his eligibility for preparole release. See Rec. doc. 5, at 1 (stating that "May of 2000 was the date that Petitioner was to be considered to

possibly retain his liberty" and that "he has been denied his right to his initial parole review and/or hearing due to the repeal of the pre parole conditional supervision, which was replaced with specialized parole which is far more to the disadvantage of the Petitioner since his judgment was entered") (Petitioner's Response to Magistrate Judge's Order, filed July 19, 2000).

This circuit has noted that as-applied claims are an appropriate means of challenging legislation that arguably imposes additional punishment in violation of the Ex Post Facto Clause of the constitution. In Raymer v. Enright, 113 F.3d 172, 175 (10th Cir. 1997), we stated that "[t]here is no mechanical formula for determining whether a new law sufficiently increases punishment to be considered ex post facto" and that "courts must determine on a case by case basis whether a change in law produces a sufficient risk of greater punishment for covered crimes" (quoting California Dep't of Corrections v Morales, 514 US. 499, 508-09 (1995)). Accordingly, we analyzed the plaintiff's challenge "based upon the circumstances of his case— not as a facial challenge." Id. (emphasis added).

A. Facial challenge.

As a general rule, "under federal law governing statutes of limitations, a

4

cause of action accrues when all events necessary to state a claim have occurred." United States v. Hess, 194 F.3d 1164, 1175 (10th Cir. 1999) (internal citation and quotation marks omitted). With regard to Mr. Waltower's facial challenge, all events necessary to state a claim occurred when the Act became effective—on July 1, 1997. See Catawba Indian Tribe of S.C. v. United States, 982 F.2d 1564, 1569-71 (Fed. Cir. 1993) (concluding that statute of limitations began to run on the effective date of a statute). Under § 2244(d)(1)(D), Mr. Waltower had until July 1, 1998 to file his claim. Because he did not file his facial challenge until May 17, 2000, it is untimely. [2]

B. As-applied challenge.

As to Mr. Waltower's challenge to the Act as applied, the events necessary to state a claim did not occur until the respondent allegedly denied him a hearing in May 2000. Because Mr. Waltower filed his federal petition during that same month, his as-applied challenge does not appear to be barred by the statute of limitations.

Nevertheless, the record indicates that Mr. Waltower may not have

---

[2] Although the one-year statute of limitations under § 2244(d)(1)(D) may be tolled during the pendency of a state court claim for post-conviction relief, it was not tolled here: Mr. Waltower did not file his state court post-conviction claim until May 3, 1999, well more than a year after the expiration of the one-year statute of limitations.

exhausted his state court remedies with regard to his as-applied claim.         See

Montez v. McKinna , 208 F.3d 862, 866 (10th Cir. 2000) (noting that a habeas

petitioner challenging the execution of his sentence is required to exhaust state

remedies).  According to his federal petition, the state district court denied his

request for post-conviction relief in July 1999 and the Oklahoma Court of

Criminal Appeals affirmed that decision on September 30, 1999.  The pleadings

in these state court proceedings are not in the record before us.  However, from

the date that Mr. Waltower filed his state court action and from the date of the

state court rulings,  it appears that Mr. Waltower's state court claim was merely a

facial challenge to the Act.  Until state officials actually applied the Act to deny

him a hearing, he could not have raised an as-applied challenge.

We therefore conclude that Mr. Waltower's as-applied challenge should be

remanded to the district court. On remand, the district court should determine

whether Mr. Waltower raised in the state court proceedings an as-applied

challenge to the Act.  If he did raise an as-applied challenge, the district court

should proceed to the merits of that challenge.     [3]  On the other hand, if the district

court determines that Mr. Waltower did not raise an as-applied challenge to the

Act in the state court proceedings, it should dismiss that claim without prejudice,

---

[3]  We note that the district court may consider any other non-statute of
limitations defenses that the respondent may raise.

6

so that Mr. Waltower may exhaust his state remedies.

### III.  CONCLUSION

Accordingly, we GRANT Mr. Waltower's application for a certificate of appealability.  We AFFIRM the district court's dismissal on statute of limitations grounds of Mr. Waltower's facial challenge to the Act.  However, as to Mr. Waltower's as-applied challenge to the Act, we REMAND the case to the district court for further proceedings consistent with this order and judgment.

Entered for the Court,


Robert H. Henry
United States Circuit Judge