**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

MICHAEL R. KENNEDY,

　　　　Defendant - Appellant.

No. 03-3301
(D.C. No. 99-CR-10105-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL, TYMKOVICH,** Circuit Judges, and **HEATON**, District Judge.[**]

---

Michael R. Kennedy appeals the revocation of his term of supervised release and the imposition of an additional term of imprisonment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Joe Heaton, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

## Background

Kennedy pled guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). He was sentenced to twenty seven months imprisonment followed by a three year term of supervised release. As a condition of supervised release, Kennedy was forbidden to possess "any sexually explicit material." He did not appeal his conviction or sentence or the conditions of his supervised release.

One year into his term of supervised release, Kennedy admitted to a polygraph examiner and a therapist that he had read sexually explicit stories involving minors. The therapist reported Kennedy's activity to his probation officer who then petitioned the district court to revoke Kennedy's term of supervised release. In the petition, the probation officer alleged that Kennedy had violated the special conditions of supervision by engaging in unsupervised contact with minors and by possessing sexually explicit material. After conducting a hearing on the petition, the district court found there had been no violation of the conditions as to contact with minors. The court did, however, find sufficient evidence of Kennedy's possession of sexually explicit material. Based on this finding, the district court revoked Kennedy's term of supervised release and sentenced him to an additional twenty four months in prison.

Kennedy asserts that the special condition of supervision prohibiting the possession of sexually explicit material is vague as applied to his conduct. He also asserts that the district court admitted and relied on improper evidence during the revocation

2

hearing, abused its discretion in revoking rather than modifying his term of supervised release, and made an unreasonable sentencing decision. We review the district court's decision revoking supervised release for abuse of discretion. *United States v. Disney*, 253 F.3d 1211, 1213 (10th Cir. 2001). Legal issues related to the revocation of supervised release are reviewed *de novo*. *Id.* Finally, the district court's sentencing decision is reviewed to determine whether it was reasoned and reasonable. *United States v. Lee*, 957 F.2d 770, 774 (10th Cir. 1992).

Discussion

Waiver

Kennedy claims that the special condition of supervision related to possession of sexually explicit material is vague as applied to his conduct. The government asserts that Kennedy waived this argument when he failed to appeal the special condition within ten days after entry of judgment. Fed. R. App. P. 4(b)(1)(A). *See Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 203 (1988) (upholding court of appeals' dismissal for lack of jurisdiction based on untimeliness of notice of appeal). As Kennedy is not challenging the propriety of the special condition on its face, but rather is challenging the special condition as applied to his conduct, we conclude we have jurisdiction to hear his vagueness as applied argument. *See, e.g., Waltower v. Kaiser*, No. 00-6281, 2001 WL 276962, at *2 (10th Cir. Mar. 21, 2001) (allowing an as applied challenge to proceed after the events necessary to state a claim accrued).

3

Vagueness

Due process requires that the conditions of supervised release be sufficiently clear to inform a released prisoner of what conduct will result in his or her return to prison. *United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003). Although the meaning of a condition "may be plain on its face, it can be unconstitutionally vague in application." *United States v. Agnew*, 931 F.2d 1397, 1403 (10th Cir. 1991). Kennedy does not assert that the district court abused its discretion by imposing a condition prohibiting his possession of sexually explicit material while on supervised release. Instead, he argues the district court's application of this condition to his possession of textual stories rendered the condition unconstitutionally vague. Noting that his conviction involved the possession of visual depictions of minors, he asserts he lacked notice that the condition would apply to conduct beyond that found in his conviction for receiving child pornography. We review this claim *de novo* and reject Kennedy's argument.

Kennedy admitted that the textual material he possessed was sexually explicit. The condition imposed in this case prohibited the possession of any sexually explicit material. Although the condition does not mention specifically the possession of textual material, it must be read and applied in a "commonsense way" in order to determine its scope. *United States v. Gallo*, 20 F.3d 7, 12 (1st Cir. 1993). Conduct prohibited by a condition of supervised release need not mirror conduct specified in a conviction in order to pass constitutional muster. *See, e.g., Gallo*, 20 F.3d at 12 ("Conditions of probation

4

may afford fair warning even if they are not precise to the point of pedantry."); *Agnew*, 931 F.2d at 1404 ("Laws cannot define the boundaries of impermissible conduct with mathematical certainty.") (internal quotations and citations omitted). To the contrary, due process merely requires that the condition be sufficiently clear to "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Read in a commonsense manner, the language of the condition provided Kennedy with sufficient notice that his possession of sexually explicit material, whether visual or textual, was prohibited. The condition, as applied in this case, is not unconstitutionally vague.

Admission of Evidence

Kennedy asserts the district court admitted and relied on improper and undisclosed evidence at the revocation hearing. Specifically, he objects to the testimony of his therapist, Darian Rohr, who testified that while Kennedy showed up for his weekly group therapy sessions as required, he did not satisfactorily participate in the group discussions and disclosed his possession of sexually explicit stories only after he was required to take a polygraph examination. She further testified that Kennedy participated very minimally in his therapy once his conduct was reported to his probation officer. Kennedy's counsel objected to this testimony claiming it had not been disclosed to him prior to the

revocation hearing. The district court overruled the objection.[1] Kennedy asserts his due process rights were violated by admission of the previously undisclosed evidence.

A defendant facing a possible revocation of supervised release is entitled to certain minimum due process protections. *United States v. Copeland,* 20 F.3d 412, 414 (11th Cir. 1994)*; United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992); *cf. Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probation revocation); *Morrissey v. Brewer*, 408 U.S. 471, 480-82 (1972) (parole revocation). These minimum protections include: (1) written notice of the claimed violation; (2) disclosure of the evidence against the defendant; (3) the opportunity to be heard and present evidence; and (4) the right to cross-examine adverse witnesses. *See Morrissey*, 408 U.S. at 489; *cf.* Fed. R. Crim. P. 32.1(b)(2).

Kennedy had notice of the alleged violations of supervised release and knowledge of the identity of Ms. Rohr as a witness related to these violations. Both before and during the hearing, Kennedy moved the district court for a modification of the term of

---

[1] The district judge stated:

> Well, again, I don't think that there would have to be disclosure regarding this. I would think, given your experience, Mr. Monnat, you would know that would be one of the issues that I would be interested in since you asked for in your submissions that if I find that he has violated this condition that I continue or I fashion a disposition that would allow him to continue with his treatment. I'm sure you knew that I would be interested to know if he was making progress in his treatment. So the objection is overruled. Anyway, I'd ask her that question if Ms. Barnett had not.

supervised release rather than revocation, based in part on his performance in therapy. Ms. Rohr's testimony related directly to Kennedy's performance in therapy and was thus relevant to the issues placed before the district court. The government did not elicit the testimony as evidence of an uncharged violation and the district court did not utilize it in that manner. Kennedy has demonstrated neither a due process violation nor a violation of Rule 32.1 as a result of the admission of this testimony.

Revocation and Sentence

Finally, Kennedy claims that the district court abused its discretion in revoking rather than modifying his term of supervised release and made an unreasonable sentencing decision by imposing the maximum term of imprisonment. Based on the violation at issue in this case, the district court had the discretion to revoke Kennedy's term of supervised release and impose prison time. 18 U.S.C. § 3583(e)(3); *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004). "Because there is no applicable sentencing guideline for the sentence to be imposed after a violation of supervised release, our standard of review is 'plainly unreasonable.'" *Kelley*, 359 F.3d at 1304 (quoting *United States v. White*, 244 F.3d 1199, 1204 (10th Cir. 2001)). This court will not reverse a sentence imposed after a violation of supervised release "'if it can be determined from the record that the decision was reasoned and reasonable.'" *Id.*

In imposing a sentence, the district court must consider the factors listed in 18

U.S.C. § 3553(a)[2] and state the reasons for its sentence. *Kelley*, 359 F.3d at 1305. In addition, it may follow the recommended range of imprisonment set forth in Chapter 7 of the United States Sentencing Guidelines. *Id.* (noting that the policy statements found in chapter 7 of the Sentencing Guidelines Manual are advisory rather than mandatory in nature).

In this case, the district court considered the factors set forth in § 3553(a) and stated the reasons for its sentence. The court explained, in part, that Kennedy's conviction and initial sentence had not diminished his interest in materials involving sexually explicit conduct with children. It noted his acknowledgment of his problem to persons involved in his supervision had been "minimal and perfunctory, at best," and that his progress in the sexual offender treatment program had been minimal. Based on the evidence presented at the revocation hearing as to the nature of the violation and Kennedy's progress under the treatment program, we conclude that the district court did not abuse its discretion in revoking rather than modifying Kennedy's term of supervised release nor was its sentencing decision plainly unreasonable.

---

[2] These factors include: 1) the nature and circumstances of the offense; 2) the history and characteristics of the defendant; 3) the need for the sentence to afford adequate deterrence to criminal conduct; 4) the need to protect the public from further crimes of the defendant; 5) the need to provide the defendant with needed training, medical care, or correctional treatment; and 6) the sentencing range established under the sentencing guidelines or the policy statements applicable to a violation of supervised release. *Kelley*, 359 F.3d at 1305; 18 U.S.C. § 3553(a).

The decision of the district court is **AFFIRMED**.

Entered for the Court

Joe Heaton
District Judge