**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

COREY HELTON,

Defendant-Appellant.

No. 14-7070
(D.C. No. 6:07-CR-00063-RAW-1)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.[**]

---

Corey Helton appeals his prison sentence for violating conditions of

supervised release. He asks us to reverse his sentence because the district court

relied on his violation of an illegal condition. The court found that Helton had

failed to attend inpatient drug treatment as ordered by his probation officer.

Helton argues this condition contravenes our holding in *United States v. Mike*,

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

632 F.3d 686, 696 (10th Cir. 2011), which precluded the delegation of such a condition to probation officers. Although the delegation was improper, we uphold Helton's sentence because his challenge is time-barred due to his failure to raise it on direct appeal. Helton also claims his sentence was substantively unreasonable, which we reject.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. Background

Helton pleaded guilty to possessing methamphetamine with the intent to distribute. He was sentenced in 2008 to seventy-eight months in prison, to be followed by forty-eight months of supervised release. One condition of his supervised release read, "*If it is determined by the Probation Officer* that the defendant is in need of a residential drug/alcohol treatment program, he shall participate in such treatment *as directed by the Probation Office* and remain in the treatment facility until discharged." R., Vol. I. at 20 (emphases added).

In 2011, we held "a district court cannot delegate [to a probation officer] the decision of whether to subject a defendant to residential treatment" because "granting the probation officer" that discretion "is tantamount to allowing him to decide the nature or extent of the defendant's punishment." *Mike*, 632 F.3d at 696. Because mandatory inpatient treatment "affects a significant liberty

interest," such a delegation would run afoul of Article III of the Constitution. *Id*. at 695–96.

Helton was released from prison in 2013, but the Probation Office filed a petition to revoke his supervised release after he failed seven drug tests. The court granted the petition and sentenced Helton to three months in prison with credit for time served, followed by twenty-four months of supervised release. Despite our holding in *Mike*, the new conditions of supervised release included the same inpatient treatment condition that was imposed in 2008: that Helton would have to attend inpatient treatment if a probation officer so decided. Apparently, neither the parties nor the district court addressed *Mike*, and Helton did not appeal.

When Helton was released from prison in 2014, he again violated his supervised-release conditions by failing multiple drug tests, failing to submit to a required drug test, and failing to comply with curfew requirements. In addition, he left before completing an inpatient treatment program that had been ordered by the Probation Office.

The Probation Office accordingly filed another petition to revoke supervised release. At the ensuing revocation hearing, Helton again did not cite our decision in *Mike*. The district court sentenced him to the maximum prison term, which was twenty-four months. The court reasoned that given Helton's history, he "has shown little regard for the rules and conditions of supervised

release," and the maximum sentence was "reasonable, provid[ed] just punishment for noncompliance, [was] an adequate deterrent to criminal conduct, and promot[ed] respect for the law." R., Vol. II. at 19–20.

## II. Analysis

Helton raises two objections to the twenty-four-month sentence imposed by the district court. He first argues that the sentence was procedurally unreasonable in light of *Mike*. He next argues that the length of the sentence was substantively unreasonable. The first claim is time-barred, and we reject the second.

### A. *Procedural Unreasonableness*

Helton argues that because *Mike* prohibits a district court from delegating discretion to a probation officer to determine whether a supervisee must attend inpatient treatment, the inpatient treatment condition of his supervised release was procedurally invalid. He therefore asserts that the district court erred by taking his violation of that condition into account during sentencing. He admits that he forfeited this argument by not raising it below, but claims we should still grant relief because the sentence was plainly erroneous.

But Helton not only failed to raise *Mike* at the revocation hearing in 2014, but also failed to raise it in 2013, when the condition was imposed. We have held that where a district court orders a supervisee to comply with a previously imposed condition of supervised release, the supervisee is time-barred from challenging "the legal and factual basis" of the condition itself. *United States v.*

*Wayne*, 591 F.3d 1326, 1334 (10th Cir. 2010) (citing Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.")). Rather, a supervisee must timely challenge a condition "on direct appeal from the sentencing court's judgment." *Id*.

We are in alignment with other circuits in holding that a supervisee cannot challenge a condition itself when responding to a petition to revoke supervised release. *See United States v. Preacely*, 702 F.3d 373, 376 (7th Cir. 2012); *United States v. Johnson*, 138 F.3d 115, 118 (4th Cir. 1998); *United States v. Nolan*, 932 F.2d 1005, 1007 (1st Cir. 1991); *United States v. Irvin*, 820 F.2d 110, 111 (5th Cir. 1987); *United States v. Stine*, 646 F.2d 839, 846–47 (3d Cir. 1981); *see also United States v. Beech-Nut Nutrition Corp.*, 925 F.2d 604, 607 (2d Cir. 1991) (distinguishing between facial challenges to conditions and challenges to their specific *application*, holding that district courts may hear the latter). Thus, we will not consider Helton's objection to the inpatient treatment condition at this stage.

### B. Substantive Unreasonableness

Next, Helton argues that the sentence was substantively unreasonable. He notes that under the United States Sentencing Guidelines, his supervised-release violations were considered "Grade C"—the least severe. The resulting Guidelines

recommendation was four to ten months, which was far less than the twenty-four months he ultimately received. In addition, he asserts that he is an addict who needs treatment, rather than a lengthy prison sentence, and that he has posed no danger to others, but only to himself.

We review the imposition of a sentence for abuse of discretion. *United States v. Brooks*, 736 F.3d 921, 941 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 1526 (2014), *and cert. denied*, 134 S. Ct. 2157 (2014). In sentencing a defendant after revoking supervised release, "[t]he judge must consider the factors in 18 U.S.C. § 3553(a) and the policy statements in Chapter 7 of the Sentencing Guidelines." *United States v. Vigil*, 696 F.3d 997, 1002 (10th Cir. 2012). "Magic words," however, are not required. *Id.* Rather, we uphold an above-Guidelines sentence for a supervised-release violation "if it can be determined from the record to have been reasoned and reasonable." *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258 (10th Cir. 2006) (quoting *United States v. Tsosie*, 376 F.3d 1210, 1218 (10th Cir. 2004), *abrogated on other grounds by Tapia v. United States*, 131 S. Ct. 2382 (2011)) (internal quotation marks omitted).

In *Vigil*, we upheld an above-Guidelines sentence where the defendant had committed "blatant, repeated violations of the conditions of her probation and supervised release." 696 F.3d at 1002. Likewise, the district court here found that an above-Guidelines sentence was warranted because of Helton's repeated

failure to comply with the terms of his release.  Moreover, the record shows that the court considered both the policy statements in Chapter 7 of the Guidelines as well as the factors listed in 18 U.S.C. § 3553(a).

We accordingly conclude that the sentence was reasoned and reasonable and that the district court did not abuse its discretion.

## III.  Conclusion

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge