**PUBLISH**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PAUL LECOMPTE,

Defendant - Appellant.

No. 14-2200

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. 5:13-CR-02677-KG-1)**

Caleb Kruckenberg, Assistant Federal Public Defender, Office of the Federal Public Defender for the District of New Mexico, Las Cruces, New Mexico, appearing for Appellant.

David N. Williams, Assistant United States Attorney (Damon P. Martinez, United States Attorney, with him on the brief), Office of the United States Attorney for the District of New Mexico, Albuquerque, New Mexico, appearing for Appellee.

Before **LUCERO**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

**MATHESON**, Circuit Judge.

In 2003, Paul LeCompte pled guilty in state court to a sex offense involving a minor female and was required to register as a sex offender. As a result, he was required to register as a sex offender. In 2010, after having traveled in interstate

commerce, Mr. LeCompte failed to register. In 2011, he pled guilty in federal court to failing to register under the Sex Offender Registration and Notification Act ("SORNA"). As part of the sentence on this conviction, the district court imposed several conditions, including one prohibiting any association with minors except in the presence of an adult approved by the U.S. Probation Office ("Probation").

In 2014, a probation officer visited Mr. LeCompte's home and found him sitting outside with several adults (none of them approved by Probation) and his then-girlfriend's[1] three-year-old granddaughter. Because Mr. LeCompte had associated with a minor—the granddaughter—in the absence of an approved adult, Probation filed a petition to revoke Mr. LeCompte's supervised release. Mr. LeCompte moved to dismiss, challenging the supervised release condition as applied. The district court denied his motion, revoked his supervised release, and sentenced Mr. LeCompte to a prison term. It also imposed six standard sex offender conditions.

Mr. LeCompte appeals the district court's denial of his motion to dismiss. He also challenges the procedural and substantive reasonableness of the six sex offender conditions imposed. Exercising jurisdiction under 18 U.S.C. § 3742(a), we reverse the denial of the motion to dismiss and remand for further proceedings. We do not reach his challenges to the six conditions.

---

[1] Mr. LeCompte's then-girlfriend has since become his fiancée.

# I. BACKGROUND

## A. *Factual and Procedural History*

### 1. Underlying Sex Offense

On July 21, 2003, Mr. LeCompte pled guilty to five counts of criminal sexual penetration in the fourth degree in violation of New Mexico law. He was 29 years old. The offense arose from Mr. LeCompte's engaging in sexual encounters with a minor female approximately 15 times, aware she was 14 years old. He was sentenced to 15 months in prison and was required to register as a sex offender.

### 2. Failure to Register Conviction and Sentencing

After traveling from New Mexico to Nevada in 2010, Mr. LeCompte failed to register. On May 26, 2011, Mr. LeCompte pled guilty to failing to register as a sex offender after having traveled in interstate commerce, in violation of 18 U.S.C. § 2250(a), a SORNA provision. Before sentencing, Probation prepared a presentence report ("PSR"). The PSR recommended the imposition of several special conditions, including one titled "Minor Prohibition": "You shall not associate with persons under the age of eighteen (18), except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer." ROA, Vol. 2 at 42.

On September 12, 2011, the district court sentenced Mr. LeCompte to 21 months in prison and five years of supervised release. The court also imposed 22 conditions of supervised release, including the minor prohibition condition

recommended by Probation. Mr. LeCompte did not appeal the minor prohibition condition.

### 3. Revocation of Supervised Release

On August 28, 2014, Probation Officer Chris Pena visited Mr. LeCompte at his residence. Upon arrival, he saw Mr. LeCompte sitting outside with his grandparents, his then-girlfriend, her adult daughter, and her three-year-old granddaughter. There was no approved adult on the premises. The incident presented a technical violation of the minor prohibition condition.

In response to this incident, Officer Pena administered a polygraph examination to Mr. LeCompte. Officer Pena determined he would not petition for a violation of supervised release if the polygraph test indicated this incident had been Mr. LeCompte's only contact with a child. During the polygraph examination, Officer Pena asked Mr. LeCompte about any other contact with children. He denied having any such contact. But when the polygraph examination indicated that Mr. LeCompte's response was deceptive, he revealed having had two other interactions with minor children. He explained that earlier in August 2014, he had met his girlfriend at her house and her minor granddaughter had been present, but he and his girlfriend promptly left the house. Mr. LeCompte also reported that he was at church when his "step-brother['s] kids [came] up to [him] and [gave him] a hug before church started." *Id*. at 148.[2]

---

[2] Mr. LeCompte provided this information about his church encounter in the "Failure of Polygraph Addendum Report Form," ROA, Vol. 2 at 148, a form that Mr.

On September 18, 2014, Officer Pena filed a "Petition for Revocation of Supervised Release," which alleged that Mr. LeCompte had violated the minor prohibition condition based on all three incidents. On October 9, 2014, Mr. LeCompte moved to dismiss the petition, challenging the minor prohibition condition as applied to the conduct underlying the alleged violation of supervised release. The Government filed a response in opposition.

On November 3, 2014, the district court held a hearing on the motion. Mr. LeCompte's counsel first argued the court was "the proper venue for this motion. . . . Certainly, Mr. LeCompte could have appealed these conditions when they were first imposed, but now he's facing violation, and he's entitled, as I read the cases, to challenge the basis for that condition as it applies to his conduct." ROA, Vol. 5 at 4. The Government contended the court could not hear the motion. The district court concluded Mr. LeCompte could raise an as-applied challenge to the condition's validity during the revocation proceedings.

The court then heard testimony from Officer Pena. He testified, in part, that "any contact," even a "chance encounter," with a child could "potentially" be a violation of the minor prohibition condition. *Id*. at 19, 25. He described the approval process for a "responsible adult" as potentially "lengthy," *id*. at 28, involving the

---

LeCompte had to fill out after he had been found untruthful in the polygraph examination, *see id*. at 7-8. The form seems to indicate the incident with his niece and nephew occurred only once. *See id*. at 148. But Officer Pena stated that Mr. LeCompte admitted this contact occurred each week when he attended church. The district court made no finding on the matter and, as explained below, based its violation on only the August 28 incident.

adult in individual sessions with Mr. LeCompte in sex-offender treatment and then determining "as time goes on" whether to approve the person "based on [his or her] willingness to participate [and] based on the defendant's progress in treatment and assessments," *id.* at 29-30.

After hearing this testimony and the parties' arguments on the merits of the as-applied challenge, the district court orally denied Mr. LeCompte's motion to dismiss and revoked his supervised release. The court chose to address Mr. LeCompte's as-applied challenge to the minor prohibition condition on the merits, and concluded the condition was "reasonably related to the circumstances that gave rise to the offense of conviction and to the history and characteristics of the defendant." *Id.* at 39-40. The court also said the motion to dismiss could be denied under a heightened scrutiny standard, *id.* at 40, presumably because it believed the minor prohibition condition implicated Mr. LeCompte's fundamental right to familial association, as Mr. LeCompte had argued.

The district court rejected Mr. LeCompte's as-applied challenge to the minor prohibition condition, considering only the August 28 incident when he was found outside his home with his girlfriend's granddaughter. The court enumerated three similarities between the violation and Mr. LeCompte's 2003 offense. First, the alleged supervised release violation and his prior offense involved females. Second, the alleged violation and the prior offense involved minors. Third, the prior offense involved "the potential to exploit an adult relationship in order to have access to the

minor female child," and the condition was intended to prevent that type of behavior. *Id*.[3]

For Mr. LeCompte's violation of his supervised release condition, the district court calculated a Guidelines range of 6 to 12 months. The court sentenced Mr. LeCompte to six months in prison and five years of supervised release. It imposed six sex offender conditions. Mr. LeCompte objected generally to the imposition of sex offender conditions and to several of the conditions in particular. The court overruled the objections.

Mr. LeCompte now appeals the denial of his motion to dismiss. He also challenges the procedural and substantive reasonableness of the six sex offender conditions imposed.

## II. **DISCUSSION**

Because we reverse and remand for further consideration on the motion to dismiss, we need not reach Mr. LeCompte's remaining challenges to the conditions imposed after his supervised release was revoked.

---

[3] As to the church incident, the district court determined Mr. LeCompte did not have sufficient notice on how to comply with the condition in church. It held that "in order to avoid allegations of unapproved contact in the future, Defendant will need to have an adult who has been approved by the probation officer as responsible and who is aware of the nature of Defendant's background and current offense with him when he attends church." ROA, Vol. 3 at 13.

On appeal, the Government relies only on the August 28 incident to justify the district court's denial of Mr. LeCompte's motion to dismiss. It does not rely on the prior contact with his girlfriend's minor granddaughter or the church incident.

A.   *Motion to Dismiss*

The parties agree that the incident at Mr. LeCompte's residence was a violation of the minor prohibition condition.  But Mr. LeCompte moved to dismiss the revocation petition based on an as-applied challenge to the condition itself.  We consider (1) whether the district court properly considered Mr. LeCompte's motion to dismiss and, if so, (2) whether the district court properly analyzed the as-applied challenge.

1.  **The District Court's Consideration of the Motion to Dismiss**

At the revocation hearing, the district court first determined that it had authority to rule on Mr. LeCompte's motion to dismiss, which challenged the supervised release condition as applied:

> On that issue, really, the jurisdictional question, I'm going to, in effect, grant the motion . . . for the narrow holding or at least narrow authority to raise this issue at the district court level, that the argument is that the condition is unconstitutional as applied. . . .  It's a narrow enough issue relating to the application of the condition of release to Mr. LeCompte specifically, so it is an as-applied kind of question that he's put forth.

ROA, Vol. 5 at 5-6, 39.

The Government disputes this ruling on appeal, contending "a district court does not have jurisdiction to consider a motion to dismiss a petition to revoke supervised release when the defendant could have, but did not, appeal from the sentence that imposed the conditions of supervised release."  Aplee. Br. at 11.  It notes Mr. LeCompte did not object when the minor prohibition condition was originally imposed in 2011, did not appeal the 2011 sentence, did not challenge the

condition in collateral proceedings under 28 U.S.C. § 2255, brought the present challenge more than three years after the 2011 sentence was imposed, and "required an evidentiary hearing to establish his theory." *Id*. at 8.[4]

A district court has jurisdiction under 18 U.S.C. § 3231 to hear cases involving "offenses against the laws of the United States." Further, under 18 U.S.C. § 3583(e)(3), a district court may consider whether a defendant's supervised release should be revoked. *See United States v. Bailey*, 259 F.3d 1216, 1218-19 (10th Cir. 2001); *see also United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). The Government cites no authority for its assertion that Mr. LeCompte's failure to appeal the condition when it was first imposed would bar the district court from hearing his as-applied challenge. Indeed, it appears to concede that Mr. LeCompte could have made this as-applied challenge had he appealed the condition when it was first imposed. Aplee. Br. at 11 ("No one doubts that a defendant against whom a petition for supervised release is filed has the right to raise an as-applied challenge to the condition as a defense to the petition."). But Mr. LeCompte seems to stand in the same position in this revocation proceeding as a defendant who had challenged a condition on appeal and then lost. That defendant could still bring an as-applied challenge in a revocation proceeding, not because he or she had exhausted the right to appeal, but because the condition could be applied in a manner that would violate

---

[4] We are unsure what the Government's last contention about the evidentiary hearing means. Mr. LeCompte presented his as-applied theory in his motion to dismiss as well as during the revocation hearing.

his or her rights. Whether or not the defendant challenged the condition on appeal does not change that it could still be applied improperly.

When Probation files a petition for revocation of supervised release, a defendant may move to dismiss that petition because it is legally defective in some way, *see United States v. Davis*, 151 F.3d 1304, 1305-06 (10th Cir. 1998) (considering a defendant's motion to dismiss a petition for revocation of supervised release), including a challenge that the condition at issue is improper as applied to him. In an unpublished decision, our court permitted a defendant to make such an as-applied challenge to his supervised release condition even when he had failed to appeal the condition when it was first imposed. *See United States v. Kennedy*, 106 F. App'x 688, 690 (10th Cir. 2004) (unpublished).[5] In *Kennedy*, the government asserted that the defendant had waived an as-applied challenge to the revocation of his supervised release by failing to appeal the special condition within ten days after the entry of judgment. *Id*. We disagreed: "As Kennedy is not challenging the propriety of the special condition on its face, but rather is challenging the special condition as applied to his conduct, we conclude we have jurisdiction to hear his vagueness as applied argument." *Id*.

Other circuits also have approved of district courts' considering as-applied challenges to supervised release conditions when the defendant had failed to object to

---

[5] Although not precedential, we find the reasoning of this unpublished opinion instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

- 10 -

or appeal the condition when imposed,[6] including as-applied challenges similar to the

one in this case.[7]

[6] *See United States v. Brigham*, 569 F.3d 220, 232 (5th Cir. 2009) ("Because Brigham did not object to the imposition of these special conditions of supervised release at sentencing, the Court considers them only on an 'as applied' basis . . . ."); *United States v. Locke*, 482 F.3d 764, 766 (5th Cir. 2007) ("Locke did not challenge the conditions of probation when imposed, only upon revocation. As such, we view Locke's arguments as challenges to the constitutionality of certain conditions of his probation as applied to him in the revocation."); *United States v. Johnson*, 138 F.3d 115, 118 n.3 (4th Cir. 1998) (discussing *United States v. Taylor*, 321 F.2d 339, 341-42 (4th Cir. 1963), in which the court permitted a defendant "to challenge the revocation of his probation for non-payment of his fine despite his failure, in an earlier appeal, to challenge the fine based on his inability to pay" because "the defendant did not challenge the imposition of his fine" and instead "challenged the propriety of the revocation based upon his failure to pay a fine he allegedly was unable to pay"); *United States v. Beech-Nut Nutrition Corp.*, 925 F.2d 604, 607 (2d Cir. 1991) ("A threshold issue raised by the government is whether appellant lost the right to appeal the denial of his request [to travel for business while on probation] because he failed to take an appeal from his original sentence. The government argues that appellant is, in effect, contesting the conditions of his probation, and not having done so at the time he was sentenced should be barred from appealing those conditions now. We disagree. Appellant is contesting the district court's application of the conditions of probation, not the conditions themselves.").

Courts have consistently said that a defendant cannot challenge the condition on its face at a revocation hearing. *See, e.g.*, *United States v. Helton*, No. 14-7070, 2015 WL 2342881, at *2 (10th Cir. May 18, 2015) (unpublished); *United States v. Preacely*, 702 F.3d 373, 376 (7th Cir. 2012). But the challenge here is as-applied. In *Helton*, we cited to *Beech-Nut Nutrition Corp.* for its distinction between "facial challenges to conditions" and "challenges to their specific *application*" and its holding that district courts could hear the latter. 2015 WL 2342881 at *2.

[7] *See Brigham*, 569 F.3d at 232-33 (considering the appellant's arguments that the special conditions, as applied, violated the § 3583(d) factors); *Locke*, 482 F.3d at 768 (considering and rejecting an as-applied challenge to a "probation condition denying [the defendant's] access to the Internet" on the basis that it "imposed a greater deprivation of his First Amendment rights than was reasonably necessary"); *United States v. Friedberg*, 78 F.3d 94, 96-97 (2d Cir. 1996) (considering whether the district court's denial of the defendant's request to travel, which would have been an exception to a probation condition, met the Federal Probation Act goals of rehabilitating the defendant and protecting the public); *Beech-Nut Nutrition Corp.*,

The rationale for permitting an as-applied challenge is sound. When a court imposes a particular condition of supervised release, a defendant may not be able to anticipate that Probation will consider particular conduct prohibited. In fact, courts have dismissed challenges to conditions when first imposed based on a defendant's fear of hypothetical applications of the condition. *See United States v. Rhodes*, 552 F.3d 624, 628 (7th Cir. 2009) (rejecting as unripe the defendant's challenge to a condition that said he could be subject to penile plethysmograph testing because such testing would not necessarily be imposed after his release from prison); *United States v. Schoenborn*, 4 F.3d 1424, 1434 (7th Cir. 1993) (rejecting as unripe the defendant's argument that any violation of his supervised release, "say for missing an appointment with his probation officer or for drinking a beer," could result in additional jail time exceeding the statutory maximum because a court cannot render a decision in "hypothetical cases").

Thus, allowing as-applied challenges to the condition accounts for unanticipated applications. *See United States v. Mickelson*, 433 F.3d 1050, 1057 (8th Cir. 2006) (rejecting a facial challenge that a condition was unreasonable, but adding

---

925 F.2d at 608 (considering whether the application of a condition served the Federal Probation Act goals of rehabilitating the defendant and protecting the public); *see also United States v. Roberts*, 229 F. App'x 172, 178 (3d Cir. 2007) (unpublished) (remanding the case with instructions to consider the defendants' argument, made in a request for a modification or clarification of their supervised release conditions, that a "condition, as applied by the probation office, does not meet the requirements of 18 U.S.C. § 3583(d) and that the probation office's refusal of permission for defendants to associate renders an otherwise permissible condition of release unconstitutional").

that "if such permission is arbitrarily or unfairly denied, [the defendant] is free to seek relief from the district court under § 3583(e)").  To hold otherwise would place courts and defendants in a double bind:  conditions may be unreviewable when initially imposed as unripe or too abstract but also unreviewable later on when applied to a particular factual scenario.

For these reasons, we reject the Government's arguments and review the district court's analysis of the motion to dismiss.

2.  **The As-Applied Challenge**

We must determine whether the district court erred by denying Mr. LeCompte's motion to dismiss after determining the minor prohibition condition itself is proper as applied to the facts underlying the violation.

a.  *Standard of review*

The district court concluded the condition is proper as applied because "the special condition is reasonably related to the circumstances that gave rise to the offense of conviction and to the history and characteristics of the defendant."  ROA, Vol. 5 at 39-40.

We review the "district court's decision to revoke supervised release for abuse of discretion.  Legal questions relating to the revocation of supervised release are reviewed *de novo*.  A district court necessarily abuses its discretion when it makes an error of law."  *United States v. Disney*, 253 F.3d 1211, 1213 (10th Cir. 2001) (quotations and citations omitted); *see also United States v. Brigham*, 569 F.3d 220, 232-34 (5th Cir. 2009) (stating "[w]hile revocation decisions are reviewed for abuse

- 13 -

of discretion, the legal and constitutional bases of the challenges thereto are reviewed *de novo*" and then analyzing the as-applied challenge seemingly under de novo review); *United States v. Locke*, 482 F.3d 764, 766-68 (5th Cir. 2007) (same); *United States v. Roberts*, 229 F. App'x 172, 175 (3d Cir. 2007) (unpublished) (noting its consideration of the district court's denial of the defendants' motion to reconsider, which was based on an as-applied challenge, "is plenary where the denial was based on the interpretation and application of a legal precept" (quotations omitted)).[8]

b. *Merits*

Mr. LeCompte argues the minor prohibition condition is unreasonable under 18 U.S.C. § 3583(d) as applied to his conduct. We remand for further proceedings consistent with this opinion.

18 U.S.C. § 3583(d) provides that conditions of supervised release must:

(1) [be] reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involve[] no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) [be] consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

---

[8] We base our analysis only on the August 28 incident. The condition, as applied, restricted Mr. LeCompte's association with his girlfriend's granddaughter, not a child or grandchild of his own. Mr. LeCompte argues a heightened standard of review applies because of an alleged restriction on his right to familial association and his First Amendment associational right. This circuit has not squarely addressed what standard of review applies under these circumstances, and we need not address this issue here given that we reverse under the abuse-of-discretion standard.

- 14 -

18 U.S.C. § 3583(d). The relevant § 3553 factors for § 3583(d)(1) are (i) the nature and circumstances of the offense and the defendant's history and characteristics, (ii) the deterrence of criminal conduct, (iii) the protection of the public from further crimes of the defendant, and (iv) the defendant's educational, vocational, medical, or other correctional needs. *Id*. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D). The relevant § 3553 factors for § 3583(d)(2) are the same (ii) through (iv) factors. *Id*. §§ 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D). We consider § 3583(d)(1) and § 3583(d)(2) in turn.

i. <u>§ 3583(d)(1) factor—reasonably related to the nature and circumstances of the offense and the defendant's history and characteristics</u>

The relevant offense is the failure-to-register offense. The "nature and circumstances" of the offense and Mr. LeCompte's "history and characteristics" include his prior sex offense, which was the basis for the registration requirement.

On the § 3583(d)(1) requirement, the district court made three findings. First, the supervised release violation and his prior offense involved females. Second, the violation and the prior offense involved minors. Third, the prior offense involved "the potential to exploit an adult relationship in order to have access to the minor female child," and the condition was intended to prevent that type of behavior. As we discuss below, the district court's reasoning does not show how application of the condition to the facts underlying the violation was "reasonably related" to the prior offense. Further, the district court failed to discuss key facts about the prior sex offense and the defendant's history and characteristics.

- 15 -

1) The district court's three comparisons[9]

The district court's main reason for applying the minor prohibition condition to the facts underlying the violation involved surface comparisons to Mr. LeCompte's prior sex offense. Our recent decision in *United States v. Martinez-Torres*, No. 14-2084, 2015 WL 4590987, at *1 (10th Cir. July 31, 2015), suggests this alone may not suffice:

> The district court's sole expressed reason for the condition was that Defendant had been convicted of a sex offense—intentionally causing the penetration of the sexual organ of a child younger than 14 years of age. But that is not enough. Before imposing the special condition, the district court needed to make an individualized assessment of whether it was appropriate for Defendant.

No such individualized assessment was made here. Moreover, the district court's three comparisons fall short.

The first two comparisons—the prior offense and the revocation violation both involved a female and a minor—are superficial. Beyond these general similarities, the prior sex offense differed significantly from what happened here. Mr. LeCompte's prior offense involved sexual conduct with a teenager. By contrast, the revocation offense involved no apparent inappropriate conduct and consisted of sitting with Mr. LeCompte's girlfriend's three-year-old granddaughter in the

---

[9] Case law on how to consider as-applied challenges based on § 3583(d) is virtually nonexistent. The cases discussed in the next sections involved the imposition of sex offender conditions, not the application of an already-imposed condition to a violation of supervised release. In each one, the court doubted the reasonableness of a sex offender condition imposed in the first instance because the record lacked support to justify the condition. These decisions inform our review of the district court's as-applied analysis.

- 16 -

presence of other adults, including his grandparents, his girlfriend, and her adult daughter.

We also question whether the district court supported its equating the prior sex offense and the revocation violation as both involving "the potential to exploit an adult relationship in order to have access to the minor female child." The court failed to explain how Mr. LeCompte's sitting with his girlfriend and her granddaughter outside his residence in the presence of other adults established this concern.

### 2) What the district court failed to discuss

The district court failed to discuss relevant aspects of the prior sex offense and Mr. LeCompte's history and characteristics. In particular, it did not discuss the absence of any sex offenses or offenses against minors since Mr. LeCompte's prior sex offense and the age of the prior sex offense.[10]

First, Mr. LeCompte showed he has engaged in only age-appropriate relationships and has not had any inappropriate incidents involving minors since his prior sex offense.[11] In this respect, we find persuasive *United States v. Goodwin*, 717 F.3d 511, 513-14 (7th Cir. 2013), which concerned a similar condition imposed for a failure-to-register conviction. The Seventh Circuit vacated the condition, holding

---

[10] "Although we are not hypertechnical in requiring the court to explain why it imposed a special condition of release—a statement of 'generalized reasons' suffices—the explanation must be sufficient for this court to conduct a proper review." *Martinez-Torres*, 2015 WL 4590987, at *4 (citation omitted). The district court's as-applied analysis fell short of the "necessary individualized assessment" that would be required and makes our review difficult. *Id.*

[11] Mr. LeCompte was convicted for attempted burglary in 2010.

- 17 -

such a "sweeping condition" could not be reasonably related to the appellant's prior sex offense involving a minor "particularly since there is no evidence in the record of any incidents involving minors in the almost two decades since [the appellant's] 1994 conviction." *Id*. at 523.

Second, the district court failed to address the remoteness of Mr. LeCompte's prior sex offense. In *United States v. Dougan*, 684 F.3d 1030, 1034 (10th Cir. 2012), we held the district court had abused its discretion when it imposed sex offender conditions for a robbery conviction based on a 17-year-old offense that involved sexual conduct. Although we did not establish a bright-line rule for when a sex offense becomes too remote in time, we determined this 17-year-old conviction was too remote in time to be reasonably related to the imposition of sex-offender conditions: "The government presented no evidence that Dougan has a propensity to commit any future sexual offenses or that Dougan has committed any sexual offense since [his prior sex offense], at the latest. Dougan has shown no proclivity toward sexual violence over the last seventeen years." *Id*. at 1037.[12] This court held as such

_____

[12] Other circuits have similarly held that old offenses can be too remote in time to justify the imposition of certain conditions. *See, e.g.*, *United States v. Sharp*, 469 F. App'x 523, 525-26 (9th Cir. 2012) (unpublished) (vacating sex offender conditions imposed for a felon in possession of a firearm conviction because the 10-year-old sex offense was too old and the conditions were not "reasonably related to his past violations of court-ordered conditions, none of which involved sexual behavior"); *United States v. Kent*, 209 F.3d 1073, 1074, 1077 (8th Cir. 2000) (vacating a condition prohibiting contact with the defendant's wife imposed for a white-collar conviction when the physical, mental, and emotional abuse of the wife occurred 13 years earlier, there had been no abuse since then, and there was no evidence on the defendant's current mental condition). Indeed, the Ninth Circuit held that a 10-year-

even though the defendant failed to register as a sex offender on two occasions. *Id.* at 1034, 1037.[13]

    ii. <u>§ 3583(d)(2) factor—no greater deprivation of liberty than reasonably necessary for deterrence, protection of the public, and rehabilitation</u>

There is no indication the district court considered whether applying the minor prohibition condition to the facts underlying the violation would "involve[] no greater deprivation of liberty than is reasonably necessary," 18 U.S.C. § 3583(d)(2), to achieve the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation, *see id.* §§ 3553 (a)(2)(B), (a)(2)(C), and (a)(2)(D).[14]

The district court did not explain how applying the minor prohibition condition to the conduct here would achieve the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation. The court also

---

old sex offense was too remote to be reasonably related to special sex offender conditions.

[13] We also note that the "failure to register is a fundamentally different kind of crime than a sex offense." *Dougan*, 684 F.3d at 1037. Even though

> it is permissible to impose special sex-offender-related conditions of supervised release even where the crime of conviction is not a sex crime, in such cases we would require a stronger nexus than we have here between the defendant's history and characteristics and the sex-offender-related conditions before we could conclude that the latter were 'reasonably related' to the former.

*Id.* at 1036 (citation omitted).

[14] *See supra*, note 11.

did not discuss that since his release from prison, Mr. LeCompte moved to New Mexico to live with his grandparents and, according to him, is "actively engaging in church and other positive social activities." ROA, Vol. 2 at 19; *see United States v. Windless*, 719 F.3d 415, 418-19, 422 (5th Cir. 2013) (holding a similar condition imposed for a failure-to-register offense involved a greater deprivation of liberty than necessary in part because the prior sex offense was 18 or 19 years old and the defendant had committed no crimes against minors since then). Finally, finding a violation based on the sitting incident may hamper Mr. LeCompte from developing a meaningful, future, family relationship. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) (noting supervised release conditions are meant to "fulfill[] rehabilitative ends, distinct from those served by incarceration").

## III. **CONCLUSION**

For the foregoing reasons, we conclude the district court's as-applied analysis was inadequate and incomplete. We reverse the district court's denial of the motion to dismiss and remand for further consideration consistent with this opinion.