*686 HOLMES, Circuit Judge,
concurring.
I fully join Part I.B of the majority’s opinion. However, I concur only in the majority’s result (i.e., judgment to affirm) regarding Part I.A. In summary fashion, I pause to briefly note the two most salient reasons for the latter determination.
First, contrary to the majority’s apparent view, I do not believe that Mr. Llanta-da preserved his particularized-findings challenges to either the standard or special conditions of his supervised release. Though Mr. Llantada did allude to a particularized-finding obligation in his district court briefing, Mr. Llantada failed to lodge any objection to the district court’s alleged failure to give particularized findings when the court orally announced his sentence. As such, Mr. Llantada forfeited his procedural objections to the court’s failure to make particularized findings. See, e.g., United States v. Mendoza, 543 F.3d 1186, 1191 (10th Cir.2008) (“A party must specifically object to the district court’s procedure in order to preserve that issue for review.”); United States v. Romero, 491 F.3d 1173, 1177 (10th Cir.2007) (clarifying that “the requirement of contemporaneous objection to procedural errors is consistent with our precedent”); cf. United States v. Rodebaugh, 798 F.3d 1281, 1302 (10th Cir.2015) (“When the defendant objects to a special condition of supervised release at the time it is announced, this Court reviews for abuse of discretion.” (emphasis added) (quoting United States v. Dougan, 684 F.3d 1030, 1034 (10th Cir.2012))). And, on appeal, Mr. Llantada has not argued for plain-error review; rather, he maintains that all of his supervised-release challenges are preserved. Consequently, in my view, his forfeited procedural challenges to the district court’s alleged failure to make particularized findings are at “the end of the road” — that is, they are effectively waived and should not be addressed on the merits. Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1131 (10th Cir.2011); . see, e.g., United States v. Lamirand, 669 F.3d 1091, 1100 n. 7 (10th Cir.2012) (“Mr. Lamirand has not asked us to review his late-blooming argument for plain error. Accordingly, we decline to do so and will not definitively opine on the merits of this argument.”).[1]
Second, I do agree with the general gist of the majority’s opinion insofar as it concludes that our precedent’s commonsense and non-technical approach to interpreting supervised-release conditions[2] essentially disposes of Mr. Llantada’s substantive vagueness challenges because, so construed, the conditions are not unreasonable and the district court therefore did not abuse its discretion in imposing - them. But I also would hold that, to the extent that Mr. Llantada’s substantive challenges are predicated on hypothetical improper applications of his supervised-release conditions- — -which, under a commonsense, non-technical construction are facially valid and reasonable — those challenges are not ripe and, consequently, we must not consider them. See United States v. LeCompte, 800 F.3d 1209, 1214-15 (10th Cir. *687 2015) (noting that “courts have dismissed challenges to conditions ... based on a defendant’s fear of hypothetical applications of the condition”); see also United States v. Rhodes, 552 F.3d 624, 629 (7th Cir.2009) (rejecting as unripe a substantive supervised-release challenge of a defendant serving a lengthy prison sentence where he “may only be affected by the condition after a string of contingencies”); United States v. Schoenborn, 4 F.3d 1424, 1434 (7th Cir.1993) (“The condition upon which Schoenborn’s claim depends — revocation of his supervised release — has yet to occur (and may never occur). The issue is not ripe for review.... ”).
In his briefing and during oral argument, Mr. Llantada has repeatedly argued that, even assuming that the challenged supervised-release conditions could be read as imposing reasonable, legally-sound restrictions, because they are vague, they also are susceptible to being unlawfully applied by the U.S. Probation Office and the district court in oppressive and unreasonable ways. Therefore, he contends that it is imperative that we clarify the express terms of those conditions to preclude such adverse possibilities. In this regard, Mr. Llantada has recounted a proverbial parade of horri-bles — that is, examples of ostensibly oppressive or unreasonable applications of his challenged supervised-release conditions that he might possibly experience when he is released from prison.
For example; with reference to the condition that he “shall support his or her dependents and meet other family responsibilities,” Mr. Llantada muses regarding the “other family responsibilities” language, “Can a probation officer file a petition to revoke a supervisee’s term of release if Mr. Llantada fails to wash the dishes?” Aplt. Opening Br. at 24-25. Well, putting aside the fact that the eom-monsense, nontechnical reading of the provision would not contemplate this, cf. United States v. Muñoz, 812 F.3d 809, 819, 2016 WL 502863, at *6 (10th Cir. Feb. 9, 2016) (noting that an essentially identical condition is “naturally understood to require only financial support”), if such a petition were ever filed against Mr. Llan-tada, he surely would have a vehicle at that time to secure an answer to the question — that is, an as-applied challenge. See LeCompte, 800 F.3d at 1215 (noting that “allowing as-applied challenges to the condition accounts for unanticipated applications”). Until then, any challenge by Mr. Llantada based on such a hypothetical dish-washing violation is unripe and must not be considered.
In sum, in my view, Mr. Llantada’s procedural challenges to the district court’s alleged failure to make particularized findings regarding his supervised-release conditions were forfeited in the district court and should be deemed effectively waived on appeal. Furthermore, his substantive attacks on supervised-release conditions fail when those conditions are read — as our precedent demands — in a commonsense, non-technical way. The district court therefore did not abuse its discretion in imposing those conditions. Mr. Llanta-da should act on the presumption that the U.S. Probation Office and the district court will adopt a commonsense, non-technical reading of the supervised-release conditions when applying them to him upon his release from prison. And, if they do not, and instead apply the conditions in unreasonable or arbitrary ways, then Mr. Llan-tada may mount as-applied challenges at that time to this ostensibly unlawful action. Mr. Llantada’s substantive challenges are unripe, insofar as they are predicated on hypothetical instances of illegal applications of his supervised-release conditions. *688 For these two salient reasons, I concur only in the judgment as to Part I.A.

. In any event, as the majority notes, Mr. Llantada's particularized-findings objections are wholly without merit relative to, at the very least, the district court’s standard conditions of supervised release; the district court was not obliged to make such findings as to standard conditions. See United States v. Martinez-Torres, 795 F.3d 1233, 1237 (10th Cir.2015).

. See, e.g., United States v. Muñoz, 812 F.3d 809, 815, 2016 WL 502863, at *3 (10th Cir. 2016) ("With the gloss of common sense, the condition was not too vague.”); United States v. Mike, 632 F.3d 686, 701 (10th Cir.2011) (concluding that the Ninth Circuit's construction of supervised-release conditions was "overly technical” and deciding to "opt instead for a more commonsense” approach).