**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WALTER R. FLAUGHER,

    Defendant - Appellant.

No. 14-3206

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. No. 2:06-CR-20043-JWL-8)**
_____

Daniel T. Hansmeier, Appellate Chief (Melody Brannon Evans, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender for the District of Kansas, Kansas City, Kansas, appearing for Defendant-Appellant.

Carrie N. Capwell, Assistant United States Attorney (Barry R. Grissom, United States Attorney, with her on the brief), Office of the United States Attorney for the District of Kansas, Kansas City, Kansas, appearing for Plaintiff-Appellee.
_____

Before **KELLY**, **SEYMOUR**, and **MATHESON**, Circuit Judges.
_____

**MATHESON**, Circuit Judge.
_____

## I.  **BACKGROUND**

Walter Flaugher pled guilty in 2006 to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846.  He was sentenced to 57

months in prison and 5 years of supervised release. In 2014, the U.S. Probation Office filed a petition to revoke his supervised release, alleging several violations. Mr. Flaugher stipulated to one of the violations—use of methamphetamine. The district court revoked his supervised release, resentenced him to another 12 months and 1 day in prison, and imposed 3 years of supervised release. Over his counsel's objections, the court also imposed the following supervised release condition:

> [H]e shall submit his person, house, residence, vehicles, papers, business, and place of employment and any property under his control to a search conducted by the United States probation officer at a reasonable time and in a reasonable manner based upon reasonable suspicion of contraband or evidence of a violation of condition of release. Failure to submit to a search may be grounds for revocation. He shall warn any other residents that the premises may be subject to be searched pursuant to this condition.

Aplt. Br. at 5-6.

On appeal, Mr. Flaugher argues that 18 U.S.C. § 3583(d) prohibits district courts from imposing warrantless-search conditions except in cases involving felons required to register under SORNA the Sex Offender Registration and Notification Act ("SORNA"). He challenges the condition imposed on him because he is not required to register under SORNA.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## II. **DISCUSSION**

The issue is whether a district court may impose a warrantless-search condition under 18 U.S.C. § 3583(d) on a person who is not a felon required to register under SORNA.

### A. *Standard of Review*

"When the defendant objects to a special condition of supervised release at the time it is announced, this Court reviews for abuse of discretion." *United States v. Dougan*, 684 F.3d 1030, 1034 (10th Cir. 2012). "Thus, we will not disturb the district court's ruling absent a showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." *United States v. Bear*, 769 F.3d 1221, 1226 (10th Cir. 2014) (quotation omitted).

Because Mr. Flaugher challenges the district court's statutory authority to enter the warrantless-search condition, we review this question de novo. *See United States v. Handley*, 678 F.3d 1185, 1189 (10th Cir. 2012).

### B. *18 U.S.C. § 3583(d)*

Three parts of 18 U.S.C. § 3583(d) are the keys to deciding this appeal.

First, under the "any other condition" provision, a district court may impose "any condition set forth as a discretionary condition of probation in section 3563(b)[1] and any other condition it considers to be appropriate." 18 U.S.C. § 3583(d). One of the provisions found in § 3563(b) authorizes warrantless searches when the defendant is "required to register under [SORNA]." 18 U.S.C. § 3563(b)(23).

---

[1] With one limitation not implicated in this appeal.

Second, under the "three limitations" provision, a court may impose a condition based on the "any other condition" provision provided it:

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a).

*Id.*

Third, under the SORNA provision:

> The court may order, as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act, that the person submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

*Id.*

## C. *Analysis*

Mr. Flaugher urges us to read the SORNA provision in § 3583(d) as precluding a warrantless-search condition for a defendant who is not a felon required to register under SORNA. This interpretation is incompatible with a full reading of the statute.

1. **Authorization of Warrantless-Search Conditions**

- 4 -

The text of § 3583(d) does not limit the possibility of a warrantless-search condition to felons required to register under SORNA. Indeed, it plainly authorizes warrantless-search conditions for defendants who are not felons and who are not required to register under SORNA.

The "any other condition" provision authorizes district courts to impose "any condition set forth as a discretionary condition of probation in section 3563(b) and *any other condition it considers to be appropriate*" so long as the "three limitations" of § 3583(d)(1)-(3) are met. 18 U.S.C. § 3583(d) (emphasis added). A district court may therefore impose a warrantless-search condition on a defendant who is not required to register under SORNA so long as the court considers the condition appropriate and the § 3583(d)(1)-(3) limitations are met.[2]

This understanding of § 3583(d) is consistent with the policy statement found at United States Sentencing Guidelines ("U.S.S.G.") § 5D1.3(d). It recommends district courts impose a warrantless-search condition in cases involving a sex offense, but also explains such a condition "may otherwise be appropriate in particular cases." U.S.S.G. § 5D1.3(d)(7)(C). The policy statement therefore indicates warrantless-search conditions may be appropriate in cases other than those involving sex offenders. If a district court decided a warrantless-search condition was

---

[2] In *United States v. Hanrahan*, 508 F.3d 962 (10th Cir. 2007), we affirmed a warrantless-search condition imposed on a defendant who was not a felon required to register under SORNA. Although *Hanrahan* is consistent with our disposition in the instant case, we do not rely on it because we agree with Mr. Flaugher that *Hanrahan* did not consider the statutory interpretation issue presented here.

appropriate in a case not involving a sex offense, it would therefore satisfy § 3583(d)(3) because it would be consistent with the relevant policy statement.

## 2. **Warrantless-Search Conditions for SORNA Felons**

In 2006, Congress amended § 3583(d) by adding the SORNA provision. Adam Walsh Child Protection and Safety Act, Pub. L. No. 109-248, § 210(b), 120 Stat. 587, 615-16 (2006) (codified at 18 U.S.C. § 3583(d)). It authorizes a court to order a warrantless-search condition of supervised release for a felon who is required to register under SORNA.

Mr. Flaugher argues that adding the SORNA provision limited district courts' authority under § 3583(d) by negative implication to impose warrantless-search conditions only on those defendants identified in the SORNA provision—felons required to register under SORNA. We disagree. The SORNA provision is a grant of authority, not a limitation. The plain language of the provision describes what a district court "may order," and does not describe what the court may not order. Moreover, Mr. Flaugher's interpretation ignores and would conflict with a critical cross-reference in the "any other condition" provision of § 3583(d) that also was added to the statute in 2006, § 3563(b)(23). Adam Walsh Child Protection and Safety Act § 210(a)(3).

## 3. **Section 3563(b) Warrantless-Search Conditions**

Section 3583(d) states district courts may impose "any condition set forth as a discretionary condition of probation in section 3563(b)" as long as the condition satisfies the "three limitations" in § 3583(d)(1)-(3). One such § 3563(b) condition

authorizes warrantless searches when the defendant is "required to register under [SORNA]." 18 U.S.C. § 3563(b)(23). This warrantless-search provision grants district courts authority over more SORNA defendants than the SORNA provision because § 3563(b)(23) does not require the defendant to be a felon. Section 3583(d) therefore explicitly allows a district court to impose a warrantless-search condition on a defendant who is required to register under SORNA, whether or not he or she is a felon, so long as the § 3583(d)(1)-(3) limitations are met.

Accordingly, when Congress enacted the SORNA provision, rather than limiting the district courts' authority to impose warrantless-search conditions, as Mr. Flaugher contends, it added to the authority already contained in the "any other condition" provision. It did so by authorizing a district court to impose a warrantless-search condition on a category of defendants—felons who are required to register under SORNA—without having to satisfy the "three limitations" in § 3583(d)(1)-(3). This interpretation permits all of the § 3583(d) provisions to have meaningful effect.

4. **No Void or Superfluous Text**

Mr. Flaugher's proposed interpretation—that warrantless-search conditions can be imposed only under the SORNA provision in § 3583(d) and only upon felons who must register under SORNA—would render void or superfluous the statutory authorization of a warrantless-search condition under the cross-reference of § 3583(d) to § 3563(b)(23), which allows district courts to impose warrantless-search conditions on non-felons required to register under SORNA. The Supreme Court

recently instructed: "We have long held that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause' is rendered 'superfluous, void, or insignificant.'" *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1352 (2015) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)); *see In re Dawes*, 652 F.3d 1236, 1242 (10th Cir. 2011) (noting that "one of the most basic interpretive canons" of statutory construction is that a "statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant"). We therefore reject Mr. Flaugher's proposed interpretation as contrary to this basic canon and the full text of § 3583(d).

We instead conclude that the proper interpretation of § 3583(d) gives all parts of the statute meaningful effect and avoids superfluity. As described above, the "any other condition" provision of § 3583(d) gives district courts broad authority to impose any conditions they consider appropriate so long as the conditions satisfy the "three limitations" of § 3583(d)(1)-(3), including warrantless-search conditions on SORNA defendants under the cross-reference to § 3563(b). The SORNA provision would therefore be superfluous if it authorized a warrantless-search condition only when the § 3583(d)(1)-(3) limitations are met. But the SORNA provision does not contain these limitations. Instead, it authorizes district courts to impose a warrantless-search condition on a felon who is required to register under SORNA provided a "law enforcement or probation officer" has "reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by

- 8 -

the person" or the search is conducted "in the lawful discharge of [a probation] officer's supervision functions."  18 U.S.C. § 3583(d).

Understanding the parts of § 3583(d)—the "any other condition," "three limitations," and SORNA provisions—in this way gives meaningful effect to all three, avoids superfluity, and forecloses Mr. Flaugher's proposed interpretation.

\*    \*    \*    \*

Mr. Flaugher does not further argue the § 3583(d)(1)-(3) limitations warrant reversal of the warrantless-search condition imposed on him.  His challenge to his warrantless-search supervised release condition therefore fails.

## III. CONCLUSION

We affirm Mr. Flaugher's supervised release condition that he challenges on appeal.