**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

  CHRISTOPHER R. KEMP,

    Defendant - Appellant.

No. 15-3309
(D.C. No. 2:14-CR-20131-CM-TJJ-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **BALDOCK**, Circuit Judges.
_____

Defendant Christopher Kemp pled guilty to escaping from custody in violation of 18 U.S.C. § 751.  While (re)incarcerated and awaiting sentencing, Defendant assaulted a correctional officer with a makeshift knife.  Because of this assault, the sentencing court denied Defendant's request for an acceptance-of-responsibility reduction under U.S. Sentencing Guidelines § 3E1.1.  On appeal, Defendant challenges this denial, arguing that the court committed reversible error because it considered postconviction, presentencing criminal conduct, i.e., assaulting a correctional officer, which was "unrelated" to the offense of conviction, i.e., escaping from custody.  Defendant also raises two issues related to his supervised release conditions.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

First, we address the district court's denial of Defendant's request for a reduction for acceptance of responsibility. Under § 3E1.1(a) of the Sentencing Guidelines, district courts should decrease a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." The Application Notes provide that courts may consider, among other factors, a defendant's "voluntary termination or withdrawal from criminal conduct or associations" in determining whether the defendant has accepted responsibility. U.S.S.G. § 3E1.1(a), cmt. n.1(B).

"The guidelines do not, however, qualify that factor to permit consideration of only criminal conduct related to or of the same nature as the offense of conviction." *United States v. Prince*, 204 F.3d 1021, 1023 (10th Cir. 2000) (affirming the denial of an acceptance-of-responsibility reduction because the defendant stabbed another prisoner while awaiting sentencing). To the contrary, "the guidelines do not prohibit a sentencing court from considering, in its discretion, criminal conduct unrelated to the offense of conviction in determining whether a defendant qualifies for an adjustment for acceptance of responsibility under § 3E1.1." *Id.* at 1024; *see also United States v. Jordan*, 549 F.3d 57, 61 (1st Cir. 2008) ("Criminal conduct, whatever its nature, is a powerful indicium of a lack of contrition. Thus, we hold that a district court, in determining the propriety *vel non* of an acceptance-of-responsibility credit, may consider a defendant's commission of any post-indictment criminal conduct, whether or not it bears a significant connection to, or constitutes a significant continuation of, the offense of conviction."); *United States v. Mara*, 523 F.3d 1036, 1038 (9th Cir. 2008) ("That a defendant's continuing criminal conduct is different in nature, character, or degree from the offense of conviction does not

undermine the fact that it is inconsistent with acceptance of responsibility."). Therefore, the district court did not err by considering the postconviction, presentencing assault on a correctional officer. Because *Prince* controls, we affirm the district court's denial of Defendant's request for a reduction for acceptance of responsibility. Insofar as Defendant challenges the correctness of the holding in *Prince*, "[o]ne panel of this court cannot overrule the judgment of another panel absent en banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis." *United States v. White*, 782 F.3d 1118, 1126–27 (10th Cir. 2015). There has been no such intervening authority.

Next, Defendant argues that the district court erred when it authorized warrantless searches as a condition of his supervised release because, Defendant asserts, he is not required to register as a sex offender. This, too, is squarely foreclosed by precedent. *United States v. Flaugher*, 805 F.3d 1249, 1251 (10th Cir. 2015) (rejecting the same challenge to the warrantless-search condition advanced by Defendant), *cert. denied*, 137 S. Ct. 35 (2016). Defendant acknowledges as much. (*See* Appellant's Opening Brief at 28.) Because *Flaugher* controls, we affirm the district court's decision to impose a warrantless-search condition as part of Defendant's supervised release.

Finally, Defendant argues that his supervised release conditions should be modified to reflect the District of Kansas's standard conditions of supervised release. The District of Kansas had adopted a standing order which provides that all criminal defendants placed on supervised release by any judge of the District of Kansas shall comply with fourteen enumerated conditions of supervised release. At sentencing, the

court ordered Mr. Kemp to "comply with the standard conditions that have been adopted by this court." (R. Vol. 2 at 48.) Subsequently, however, the court entered a written judgment with thirteen "standard conditions" of supervised release, which were not *quite* the same as the conditions listed on the District's standing order, though the discrepancies are minor.

Since filing this appeal, Defendant has been convicted of possession of contraband—i.e., the makeshift knife Defendant used to assault a correctional officer—in prison, in violation of 18 U.S.C. § 1791(a). He has appealed that conviction. In this subsequent case, the court imposed a different set of conditions of supervised release. *This* set tracks the District of Kansas's current standing order. Unless his conviction for possession of contraband in prison is reversed on appeal, Defendant will serve the two terms of supervision concurrently, and, both parties agree, the more recently imposed conditions of supervised release will control. Defendant requests, however, that the conditions of supervised release in this case be modified to mirror the current standard conditions, as imposed in his most recent conviction. This way, if his recent conviction is affirmed, there will be no confusion as to which set of conditions he must follow. If his recent conviction is reversed, then he will still only need to comply with the court's standard conditions and not the differently worded conditions that the court included in its written judgment without announcing them orally at sentencing in this case. Given the confusion that court's written judgment has already created, we agree that such clarification would be appropriate. We **REMAND** to the district court to modify Defendant's supervised release conditions in case number 2:14-cr-20131-CM-1 to reflect

- 4 -

the District of Kansas's current standard conditions as set forth in Standing Order

No. 16-2, unless there is good cause to deviate from the standing order.

Entered for the Court


Monroe G. McKay
Circuit Judge