[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15038
Non-Argument Calendar
_____

D.C. Docket No. 1:10-tp-20199-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN DEAN,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 1, 2017)

Before WILSON and ROSENBAUM, Circuit Judges, and ROBRENO,[*] District
Judge.

PER CURIAM:

_____

[*] Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

While on supervised release following a federal drug crime conviction, Steven Dean was convicted of felony child abuse in Florida. After he was released from state prison, the district court revoked Dean's federal supervised release and sentenced him to 24 months in prison followed by 36 months of supervised release. The court also imposed three special conditions, which require Dean to (1) have no unsupervised contact with children, minors, or the victim; (2) participate in a sex offender treatment program; and (3) submit to unannounced, warrantless searches of his person, property, and computers based on reasonable suspicion of unlawful conduct or a violation of a condition of his supervised release. Dean appeals the imposition of all three special conditions. For the reasons that follow, we affirm.

## I.

### A.    Federal Drug Conviction

In 1989, Dean was convicted in the United States District Court for the Northern District of Florida for conspiracy to possess cocaine base with the intent to distribute, a class A felony under 21 U.S.C §§ 841 and 846. Dean was sentenced to 365 months of imprisonment followed by five years of supervised release, which included the standard condition that he would "not commit another Federal, state or local crime." After Dean was released from federal prison, jurisdiction over his supervised release was transferred to the United States District Court for the Southern District of Florida on October 19, 2010.

## B.    Florida Child Abuse Conviction

On June 5, 2012, Dean was arrested in Miami Gardens, Florida, and charged with committing lewd and lascivious molestation on a child under 12 years old, in violation of Fla. Stat. § 800.004(5)(B), and lewd and lascivious conduct, in violation of Fla. Stat. § 800.04(6)(B).  The police affidavit accompanying Dean's arrest described the allegations:  the ten-year-old victim was helping her aunt move out of Dean's home, when Dean grabbed her, forced her to kiss him, stuck his tongue in her mouth, grabbed her buttocks over her clothing, and forced her to kiss him again.  On September 4, 2014, Dean pled guilty to aggravated child abuse in violation of Fla. Stat. § 827.03(2)(A).[1]

## C.    Probation Revocation

After Dean's arrest on the state charge, the district court issued a warrant for Dean's arrest for violating the terms of his federal supervised release, by violating the law as charged in his state case.  Following Dean's conviction on the state charge, the Probation Office filed a superseding petition to revoke Dean's supervised release, based on Dean's actual conviction for his violation of state law.  The probation officer submitted a Report and Recommendation ("R&R") recounting the facts as alleged in the police report supporting the state charges.  He

---

[1] The state dropped the original charges of lewd and lascivious molestation and conduct. The probation officer's Report and Recommendation reported that the state explained its decision to drop the charges as based on preventing the child from having to testify in court.

recommended that Dean's supervised release be revoked, but he did not request any special conditions. Dean filed objections to the R&R but did not challenge the facts as set forth in the R&R, instead arguing only about which version of the federal Sentencing Guidelines applied.[2]

At the revocation hearing, Dean admitted that on June 5, 2012, he committed "child abuse, aggravated, great bodily harm or torture," in violation of Fla. Stat. § 827.03(2)(a) and that he pled guilty to that charge. Accordingly, the district court, having "considered the statements of all the parties and the information contained in the violation report," found that Dean "violated the terms and conditions of supervised release." The district court sentenced Dean to 24 months in prison followed by 36 months of supervised release.

The district court also imposed three special conditions. Condition One mandates that Dean "shall have no unsupervised personal mail, telephone or computer contact with children or minors or with -- and especially the victim." Condition Two states that Dean "shall participate in a sex offender treatment program to include psychological testing and polygraph examination," including inpatient or outpatient treatment. Condition Three requires Dean to submit to unannounced, warrantless searches based on reasonable suspicion:

> The defendant shall submit to the US Probation Office conducting periodic **unannounced searches** of the defendant's person, property,

---

[2] Dean does not advance this argument on appeal.

house, residence, vehicles, papers, computers, other electronic communication or data storage device or media, including retrieval and copying of all data from the computers and any internal or external peripherals and effects at any time, **with or without warrant**, by any law enforcement or probation office, **with reasonable suspicion concerning unlawful conduct or a violation of condition of probation or supervised release**. The search may include the retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with other supervision conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection, and to have installed on the defendant's computers, at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.

(emphasis added).

After imposition of sentence, Dean generally objected to the second and third special conditions. The entirety of his objection, as relevant to this appeal, consisted of the following: "Your Honor, to preserve his right to appeal, should he choose to do so, I . . . would . . . object to the court's imposition of sex offender treatment program and the computer search condition." Dean now appeals the imposition of all three special conditions.

## II.

On appeal, Dean argues that the district court (1) denied him due process of law when it imposed three special conditions without notice and in reliance on hearsay and (2) abused its discretion when it imposed these conditions even though Dean's aggravated-child-abuse conviction does not make him a sex offender under Florida law. Because the parties dispute the applicable standard of review, we

5

begin there.   We then review the due-process claims and analyze each special condition.

## A.   Standard of Review

Generally, we review the imposition of special conditions of supervised release for an abuse of discretion. *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003) ("*Taylor I*").   But because Dean did not object to Condition One and failed to provide the basis for his objections to Conditions Two and Three, we review for plain error.  *See United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006) (noting that objections not raised in the district court are reviewed for plain error); *United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007), *cert. denied*, 555 U.S. 812 (2008) ("To preserve an issue for appeal, one must raise an objection that is sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought." (internal quotation marks omitted)).

"To prevail under a plain error standard, [Dean] must prove that (1) there is an error; (2) that is plain; and (3) that affects substantial rights."  *See United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005).   If a defendant establishes all three requirements, we may choose to exercise our discretion to correct a forfeited error, but only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Monroe*, 353 F.3d 1346, 1349

(11th Cir. 2003) (citation and internal quotation marks omitted and alteration adopted).

## B.    Due Process and Hearsay

Dean argues that the district court imposed special conditions without providing him with adequate notice and an opportunity to be heard and by basing the conditions on unreliable, layered hearsay.  We find no plain error.

### 1.    *Notice*

Dean was not entitled to notice.  We have held that a defendant generally is not entitled to notice before a district court may impose special conditions of supervised release to address a defendant's proclivity to sexual misconduct when the crime of conviction did not involve sexual activity.  *United States v. Moran*, 573 F.3d 1132, 1135 (11th Cir. 2009).

As we explained in *Moran*, where a presentence report contains allegations of sexual misconduct, a "defendant ordinarily should not be surprised when a sentencing court imposes conditions of supervised release."  *Id.* at 1138.  And here, as in *Moran*, Dean does not appear to have been unfairly surprised:  he did not allege that he was prejudiced by the court's decision, he did not move for a continuance to develop additional arguments, and the record shows he knew the district court would consider his criminal history and the allegations in the R&R.

In fact, Dean filed an objection to the R&R but failed to object to any of the facts contained therein.

2.    *Opportunity to be heard*

Dean was not denied a meaningful opportunity to be heard after his counsel's objections to Conditions Two and Three.  In support of this contention, Dean asserts that the court should have inquired as to the basis of his objections.  But the court was under no such obligation.  *See United States v. Carpenter*, 803 F.3d 1224, 1237–38 (11th Cir. 2015).

Nor was the court required to say any more at the hearing or in its order to justify the imposition of the special conditions, as Dean contends.  "When pronouncing a defendant's sentence, the court need only 'set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'" *Carpenter*, 803 F.3d at 1232 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).  In particular, a "sentencing court is not required to incant the specific language used in the guidelines or articulate its consideration of each individual § 3553(a) factor, so long as the record reflects the court's consideration of many of those factors." *Id.*  (internal quotation marks omitted) (quoting *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010)); *United States v. Ridgeway*, 319 F.3d 1313, 1317 (11th Cir. 2003) (when the condition being imposed is clear and

8

undisputed facts in the PSI support the condition, then no error where court did not make a specific findings on each sentencing factor).

Here, the district court listed everything it considered in determining the sentence: the R&R, the Superseding Petition for offender under supervision, the order reducing the defendant's sentence, the original presentence investigation report for the 1988 conspiracy charge, and the defendant's objections to the R&R. It also stated before ruling that it had carefully considered the statements of all the parties and the information contain in the violation report. This is enough to allow this Court to understand the basis for the special conditions.

3.    *Hearsay*

Dean also argues that the court relied upon unsubstantiated, layered hearsay in the R&R in violation of his right to confront witnesses. Again, we find no plain error.

First, as we have noted, Dean failed to object at all to the facts in the R&R, much less to object based on hearsay. So the district court had the authority to consider all of the unobjected-to-facts in the R&R. *See*, *e.g.*, *United States v. Cobb*, 842 F.3d 1213, 1215 n.1 (11th Cir. 2016).

Plus, the Federal Rules of Evidence do not apply in supervised-release revocation hearings. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). Rather, the admission of hearsay evidence, while not automatic, is limited by

minimal due-process rights. *Id.* "Admission of hearsay evidence in probation hearings does not violate due process, as long as it bears some indicia of reliability." *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991) ("*Taylor II*").

And even assuming that the court's consideration of the hearsay violated due process, Dean bears the burden to show (1) that the challenged evidence is materially false or unreliable and (2) that it actually served as the basis for the court's sentence. *Taylor II*, 931 F.2d at 847. Dean has failed to meet this burden. He never lodged a hearsay objection or otherwise objected to the facts in the R&R, and it is too late to claim for the first time on appeal that the evidence was materially false or unreliable. We thus conclude that the district court did not plainly err by considering the unobjected-to-facts underlying Dean's conviction when imposing the special conditions.

## C.    Standard for Imposing Special Conditions

In 18 U.S.C. § 3583(d), Congress granted the district court broad authority to impose additional conditions of supervised release to the extent such conditions fall within three limitations:

> The court may order, as a further condition of supervised release, to the extent that such condition—
>
>> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

10

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

any condition set forth as a discretionary condition of probation in section 3563(b) and **any other condition** it considers to be appropriate . . . .

18 U.S.C. § 3583(d) (emphasis added); *see also* U.S.S.G. § 5D1.3(b) (setting forth similar requirements for imposing a discretionary condition of supervised release); *United States v. Okoko*, 365 F.3d 962, 965 n.5 (11th Cir. 2004) (explaining that because § 5D1.3(b) mirrors the language of § 3583(d) we consider them together).

The particular 18 U.S.C. § 3553(a) factors that § 3583(d)(1) references are (1) the nature and circumstances of the offense and the history and characteristics of the defendant and (2) the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further crimes of the defendant, and provide the defendant with needed training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(1), (a)(2)(B-D). A special condition of supervised release need not be related to all of the § 3553(a) factors; rather, each is an independent consideration to be weighed. *United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003) (citing *United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000)).

**D.    Special Conditions**

All three special conditions meet the three factors in 18 U.S.C. § 3538(d). We discuss each in turn.

1.    *Condition One: Restrictions on contact with minors*

Condition One prohibits Dean from having "unsupervised, personal, mail, telephone, or computer contact with children/minors, or with the victim." This condition is reasonably related to Dean's history as a convicted child abuser as well as to the need to protect the victim—and other children—from potential future harm. This condition also does not unreasonably deprive Dean of his liberty, as "the district court was entitled to find that a restriction on [Dean's] affiliation with children was justified based on previous incidents involving minor victims." *Moran*, 573 F.3d at 1140.

Furthermore, the restriction is narrowly tailored and not unduly restrictive because the restriction prohibits only unsupervised contact, so Dean may seek permission from his probation officer to have supervised contact with minors. *See Zinn*, 321 F.3d at 1092-93 (affirming restriction on sex offender's use of the internet where it was narrowly tailored and permitted the defendant to access the internet with his probation officer's permission); *Moran*, 573 F.3d at 1140 ("the right of association 'may properly be restricted where the doing so is necessary to protect the public.'"). Accordingly, the district court did not plainly err in imposing this condition.

12

2.    *Condition Two: Sex-offender therapy*

The Second Condition requires Dean to participate in sex-offender therapy, which includes psychological testing and polygraph examination.  The guideline pertaining to mental-health programs states,

> (d) "Special" Conditions (Policy Statement) The following "special" conditions of supervised release are recommended in the circumstances described and, in addition, may otherwise be appropriate in particular cases:
> . . .
> > (5) Mental Health Program Participation
> >
> > If the court has reason to believe that the defendant is in need of psychological or psychiatric treatment—a condition requiring that the defendant participate in a mental health program approved by the United States Probation Office.

§ 5D1.3(d)(5).

We have previously held that mental-health treatment, including sexual-offender therapy, may be imposed even where the conviction did not involve the defendant's mental health or was not a sexual offense.  *See, e.g.*, *Moran*, 573 F.3d at 1139-40 (approving condition for sexual offender therapy where the defendant, who pled guilty to being a felon in possession of a firearm, had a documented history of sex-related offenses); *Bull*, 214 F.3d at 1278 (requiring mental-health treatment for anger and violence based on defendant's history of domestic violence where defendant was convicted of use of an unauthorized credit card).

13

Furthermore, we cannot say that it was plain error to impose polygraph testing as a part of the mental-health treatment. *See  Zinn*, 321 F.3d at 1090 (concluding that "polygraph testing to ensure compliance with probationary terms is both reasonably related to Appellant's offense [of possession of child pornography] and personal history, and when reasonably applied will not unduly burden his rights"); *Taylor I*, 338 F.3d at 1283 n.2 (noting that polygraph examinations "help insure compliance with the conditions of supervised release because probationers fear that any false denials of violations will be detected").  If it was not plain error to require sex-offender therapy, we cannot say it was plain error to require polygraph testing to support that therapy.

3.     *Condition Three: Warrantless searches upon reasonable suspicion*

The third special condition requires Dean to submit to searches of his property, including electronic data, with or without a warrant by any law-enforcement officer or probation officer with reasonable suspicion that Dean is engaging in unlawful conduct or violating the terms of his supervised release.

It is undisputed that Dean's conviction for aggravated child abuse does not require him to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA).  *See* 34 U.S.C § 20913; Fla. Stat. § 943.0435(1)(h)(1)(a) (listing the statutes of conviction triggering sex offender status).  Dean argues that the third condition is improper because § 3583(d), which

14

expressly permits warrantless searches on "felons required to register as sex offenders,"[3] cannot be applied to felons who are not sex offenders. We disagree. The text of § 3583(d) specifically permits a district court to impose "any other condition it considers to be appropriate," which includes a warrantless search.

Indeed, the Circuits have imposed warrantless search conditions for crimes unrelated to sex offenses. *See, e.g.*, *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) (approving warrantless search condition in a bribery conspiracy case even with no reasonable suspicion requirement); *United States v. Kingsley*, 241 F.3d 828, 837 (6th Cir. 2001) (finding a blanket search condition was necessary, justifiable, and advanced the legitimate goals of supervised release, given the defendant's extensive criminal record); *United States v. Germosen*, 139 F.3d 120, 132 (2d Cir. 1998) (holding that a condition of supervised release subjecting the

---

[3] The statute provides, in relevant part, that the court may order, to the extent the condition is reasonably related to the factors in § 3553(a), involves no greater deprivation of liberty than necessary, and is consistent with policy,

> any condition set forth as a discretionary condition of probation in section 3563(b) and **any other condition it considers to be appropriate** . . . . The court may order, as an explicit condition of supervised release **for a person who is a felon and required to register under the Sex Offender Registration and Notification Act**, that the person submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

18 U.S.C. § 3583(d) (emphasis added).

15

defendant in a wire-fraud case to searches necessary to secure financial information was reasonably necessary to ensure compliance with the restitution order).

The Sentencing Commission has also recognized that warrantless searches may be appropriate in cases not involving sexual offenders. "In fact, while the Sentencing Commission recommends that persons convicted of sex offenses against minors always be subject to a special condition permitting warrantless searches, the Commission has also said that the same condition 'may otherwise be appropriate in particular cases.'" *United States v. Neal*, 810 F.3d 512, 520-21 (7th Cir. 2016) (emphasis and citation omitted) (citing U.S.S.G. § 5D1.3(d)). "The [United States Sentencing Guidelines] policy statement therefore indicates warrantless-search conditions may be appropriate in cases other than those involving sex offenders," and such a condition could thus "satisfy § 3583(d)(3) because it would be consistent with the relevant policy statement." *United States v. Flaugher*, 805 F.3d 1249, 1252 (10th Cir. 2015), *cert denied*, 137 S. Ct. 35 (2016).

Thus, the district court had the statutory authority to impose this condition. We must now determine whether the condition is reasonably related here to a § 3553(a) factor and if it involves no greater deprivation than necessary.  Under

16

plain-error review, we cannot say that the imposition of this condition was improper.

The condition is reasonably related to the goals of deterring further criminal activity and protecting the public because the searches will ensure that Dean is complying with the terms of his supervised release. *See Neal*, 810 F.3d at 521 (search condition reasonably related to goal of discouraging further drug use because a search would ensure defendant did not possess drugs). Moreover, while the condition allows Dean to use the internet for legitimate purposes, a search of Dean's computer and electronic data will safeguard against his contacting the victim, whom he knew, or other minors. *See Taylor I*, 338 F.3d at 1284-85 (sex offender "used the internet as his tool to harass his former client and to endanger her daughter by capitalizing on the internet's effectiveness as a means of reaching pedophiles."); *Owens v. Kelley*, 681 F.2d 1362, 1368 (11th Cir. 1982) (searches help "to deter the commission of crime and to provide supervisors with information on the progress of their rehabilitative efforts.").

Finally, a search may be conducted only upon a "reasonable suspicion" that Dean is engaging in illegal conduct or violating the terms of his supervised release. We have previously upheld warrantless searches that were not premised on reasonable suspicion. *See Owens*, 681 F.2d at 1366-69 (finding a Georgia probation condition allowing warrantless searches without reasonable cause for a

17

person convicted of a violation of the Georgia Controlled Substances Act did not violate the Fourth Amendment); *see also Samson v. California*, 547 U.S. 843, 846 (2006) (holding that a suspicion-less search based on a California condition for release on state parole does not violate the Constitution).  Thus, we cannot say that the court plainly erred in imposing this condition.

## III.

For the foregoing reasons, we affirm Dean's sentence.

**AFFIRMED.**