United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

────────────

**No. 05-50834
Summary Calendar**

────────────

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**PAMELA RICHARDSON,**

**Defendant-Appellant.**

────────────

**Appeal from the United States District Court
for the Western District of Texas
(7:04-CR-214-ALL)**

────────────

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pamela Richardson appeals: (1) the sentence for her guilty-plea conviction of eight counts of mail fraud, in violation of 18 U.S.C. § 1341; and (2) the denial of her Federal Rule of Criminal Procedure 35(a) motion.

Richardson did not file a notice of appeal from the denial of her Rule 35(a) motion. *See* FED. R. APP. P. 4(b)(1)(A) (requiring criminal defendant to file notice of appeal within ten days of "the

────────────

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

entry of either the judgment or the order being appealed"). Appeals from denials of Rule 35 motions are controlled by the ten-day period dictated by Rule 4(b)(1)(A). *United States v. Garcia-Machado*, 845 F.2d 492, 493 (5th Cir. 1988). A timely notice of appeal is a mandatory prerequisite to our exercise of jurisdiction. *United States v. Cooper*, 135 F.3d 960, 961 (5th Cir. 1998). Because Richardson failed to file a notice of appeal for this denial, we lack jurisdiction to review her challenges to that decision.

Richardson did timely appeal from the final judgment of conviction and sentence. FED. R. APP. P. 4(b)(1)(A). She contends the district court erred in determining the amount of loss attributable to her for sentencing purposes. We review the court's interpretation and application of the Sentencing Guidelines *de novo*; its factual findings, for clear error. *E.g.*, *United States v. Olis*, 429 F.3d 540, 545 (5th Cir. 2005). A district court's amount-of-loss determination is *not* clearly erroneous if it is plausible in the light of the record as a whole. *E.g.*, *United States v. Oates*, 122 F.3d 222, 225 (5th Cir. 1997). Along this line, the loss calculation was not clearly erroneous. *See* *id*.

**DISMISSED in PART; AFFIRMED in PART**