REVISED MARCH 28, 2012
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

Lyle W. Cayce
Clerk

No. 11-40357
Summary Calendar

FREDERICK JEROME CRUMBLEY,

Plaintiff-Appellant

v.

FRANK HELEM; GLENN HOPSON, Captain; CONNELY MOORE, Captain;
SHERLY MEADOR, Food Service Manager,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-14

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Frederick Jerome Crumbley, Texas prisoner # 607639, appeals the district court's judgment granting the defendants' motions for summary judgment and dismissing his 42 U.S.C. § 1983 complaint. Crumbley's motion for leave to file an out-of time reply brief is GRANTED.

According to Crumbley, he was not advised by the magistrate judge that he was waiving his Seventh Amendment right to a jury trial by allowing her to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

handle the proceeding and by attending a hearing. He further asserts that he filed a second civil rights complaint, which included a jury demand that was consolidated with the original complaint, and that he did not consent to the magistrate judge handling that case. There was no jury trial held because a summary judgment was properly granted after the magistrate judge determined that there were no genuine issues of material fact for a jury to decide. Thus, the jury demand became moot. See Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007). With respect to his second action, after Crumbley refused to allow the magistrate judge to handle both proceedings as the judge, the magistrate judge did not consolidate the actions. Crumbley's refusal to consent to the magistrate judge handling the second case had no effect on the instant proceeding. This argument is without merit.

This court reviews a grant of summary judgment de novo. Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). However, "[a] qualified immunity defense alters the usual summary judgment burden of proof." Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010), cert. denied, 131 S. Ct. 2932 (2011). While the defendant official must initially assert the defense, "[o]nce the defendant has done so the burden shifts to the plaintiff to rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." Bazan ex rel. Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001).

On appeal, Crumbley argues that Major Helem was not entitled to summary judgment dismissing his claim of retaliation based on qualified immunity because Helem was aware that Crumbley's medical restrictions precluded him from working at the furniture factory. Helem submitted Crumbley's prison classification records, which reflected that he should not be assigned to a job where he would be exposed to environmental pollutants,

chemicals, or irritants. Helem pointed out that there was no evidence that he was personally responsible for Crumbley's job assignment or that Crumbley's job as a fire watchman involved exposure to pollutants, irritants, or chemicals. Crumbley's relevant medical records did not reflect that he had sustained any injuries as a result of exposure to those substances. Thus, even if Helem made the assignment, Crumbley did not present evidence showing that Helem had done so with knowledge or an intent to expose Crumbley to a substantial risk of harm. Crumbley failed to show that the Officer Helem's alleged conduct violated his constitutional rights under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989). Thus, the district court did not err in providing Helem qualified immunity from this claim.

Crumbley argues that because he complained about his job assignment, Major Helem, Captain Hopson, and Captain Moore conspired to have him convicted of a prison disciplinary weapons offense based on fabricated evidenced in violation of his rights under the First and Fourteenth Amendments. He has not shown that he was denied any constitutional rights in connection with the disciplinary charge and conviction because it was overturned on appeal and deleted from his computer file, and his good-time credits were restored. Regarding Crumbley's argument that the charge was an act of retaliation, the defendants presented summary judgement evidence showing that there was a reasonably objective basis for charging Crumbley with possession of weapons, and Crumbley did not present any material evidence to dispute those facts. Nor has he presented any evidence showing that his assignment to the kitchen dock exposed him to pollutants or chemical irritants or that he suffered a burn on his side as the result of such exposure. Crumbley has not provided any evidence showing that the disciplinary action or his job assignment were acts of retaliation intended to inflict harm upon him. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Crumbley argues that the magistrate judge erred in dismissing his claims against the prison administrative and supervisory officials because they disregarded his grievances, including his life endangerment complaints, arising from his alleged mistreatment by prison officers. The defendants introduced records showing that Crumbley's grievances were addressed and that his life endangerment claims were investigated. Crumbley had no constitutional right to having his prisoner grievances decided in his favor. See Gartrell v. Gaylor, 981 F.2d 254, 259 (5th Cir. 1993). He failed to respond with any evidence raising a genuine issue of fact whether the supervisory officers and administrative officials engaged in retaliatory acts or violations of Crumbley's constitutional rights. Thus, the unrebutted summary judgment evidence established that these officials were entitled to qualified immunity.

The district court properly determined that Crumbley could not pursue his claims against Officer Meador because Crumbley failed to exhaust his prison administrative remedies concerning those claims. See 42 U.S.C. § 1997e(a); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). Crumbley's argument that the magistrate judge abused her discretion in denying his request for counsel was without merit because Crumbley's claims were not complex and he adequately presented them to the district court. See Castro Romero v. Becken, 256 F.3d 349, 353-54 (5th Cir.2001).

Crumbley argues that the magistrate judge erroneously treated his motion for summary judgment as a Federal Rule Civil Procedure 60(b) motion in order to dismiss his complaint. Crumbley did not file a notice of appeal from the district court's denial of his postjudgment motion. His earlier notice of appeal does not encompass the postjudment order because Crumbley could not have intended to appeal a ruling entered after his first notice of appeal had been filed. See In re Hinley, 201 F.3d 638, 642 (5th Cir 2000). Thus, the court lacks jurisdiction to address this issue. Id.

The district court's order granting the motions for summary judgment

and dismissing the complaint is AFFIRMED.