# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11157

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICIA LOUISE RUDZAVICE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-252-2

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:*

Patricia Louise Rudzavice ("Rudzavice") appeals her 21-month sentence for her conviction for possession of stolen mail. She argues that the district court erred in its guidelines calculation when it inappropriately applied a presumption which led to a calculation that there were two hundred and fifty or more victims. She argues that instead of a 6-level increase, she should have received a 4-level increase. Based on our opinion in *United States v. Moore*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11157

733 F.3d 161, 162 (5th Cir. 2013), which was decided after Rudzavice was sentenced, the government concedes that the district court's calculation of the number of victims was erroneous.

The parties disagree over the standard of review.  The government argues that plain error review applies because Rudzavice failed to object to the victim calculation at sentencing.  Rudzavice concedes that she cannot demonstrate plain error, but she makes several arguments for why plain error review is inapplicable.

Rudzavice argues that the district court erred in determining that it was without jurisdiction to consider her Federal Rule of Criminal Procedure 35(a) motion because Rudzavice had filed a notice of appeal.  The government responds that we do not have jurisdiction to consider the dismissal of the Rule 35(a) motion because Rudzavice did not appeal the dismissal of her Rule 35(a) motion.  In her reply, Rudzavice concedes that she did not file a separate notice of appeal from the order dismissing her Rule 35(a) motion.  Therefore, we lack jurisdiction to consider the dismissal of her Rule 35(a) motion. *See Crumbley v. Helem*, 485 Fed. App'x 1, 4 (5th Cir. 2012); *United States v. Richardson*, 170 Fed. App'x 362, 363 (5th Cir. 2006).  On a related note, Rudzavice's argument that we are permitted to remand based on Federal Rule of Criminal Procedure 37 and Federal Rule of Appellate Procedure 12.1 is unavailing.  Because we do not have jurisdiction to consider the dismissal of her Rule 35(a) motion, we may not remand for a ruling on that motion.

Rudzavice suggests that even though she did not file a notice of appeal as to her Rule 35(a) motion, the Rule 35(a) motion was sufficient to preserve her sentencing argument for appeal.  In *United States v. Lopez*, 26 F.3d 512, 518 (5th Cir. 1994), we held that the time limit in a previous version of Federal Rule of Criminal Procedure 35 was jurisdictional.  The current version of Rule 35 provides in relevant part: "(a) Correcting Clear Error. Within 14 days after

2

sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a). Furthermore, subsection (c) of Rule 35 provides: "As used in this rule, 'sentencing' means the oral announcement of the sentence." FED. R. CRIM. P. 35(c).

Here, Rudzavice's sentence was orally announced on October 8, 2013. She filed her Rule 35(a) motion on October 25, 2013. That filing fell outside the 14-day window for filing a Rule 35(a) motion. In her reply, Rudzavice urges us to consider her Rule 35(a) motion to be timely because our opinion in *Moore* was issued outside her 14-day window to file a Rule 35(a) motion. She cites no authority for this tolling argument, and we are unaware of any such authority. Therefore, we hold that her Rule 35(a) motion was untimely. Furthermore, Rudzavice failed to cite any authority for the proposition that an untimely Rule 35(a) motion preserves an issue for appeal, and we are unware of any such authority. Therefore, we hold that her untimely Rule 35(a) motion did not preserve the sentencing issue for appeal and our review is for plain error.

Rudzavice concedes that she cannot demonstrate plain error. Furthermore, she has failed to demonstrate that a different standard of review is applicable to her case. Therefore, we affirm the district court.

AFFIRMED.